UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, L.P., a California limited partnership, and RHM INDUSTRIAL /SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,

      Debtors.
_____

SS FARMS, LLC., SSC FARMING, LLC, SSC FARMING 1, LLC, SSC FARMING 2 LLC and SCOTT SALYER,

      Appellants,

  v.

BRADLEY D. SHARP, Chapter 11 Trustee,

      Appellee.

No. 2:09-cv-02938-MCE

**MEMORANDUM AND ORDER**[1]

----oo0oo----

---

[1] An identical Memorandum and Order was previously filed in Appellants' related Appeal, No. 2:09-cv-02942-MCE at Docket No. 32. That Order is being refiled here, without change, only so that the docket in both cases is clear.

1

Through the present Motion, Appellants SSC Farms, LLC, SSC Farming LLC, SSC Farming 1, LLC, SSC Farming 2, LLC, and Scott Salyer (collectively referred to as "Appellants" or "Moving Parties" unless otherwise noted) request a stay of the Bankruptcy Court's Order which gave Bankruptcy Trustee Bradley D. Sharp ("Trustee") the authorization to continue to possess and review information in his possession relating to the moving party farming entities. The farming entities are not debtors in the underlying bankruptcy proceedings involving SK Foods, L.P. ("SK Foods"). Moving Parties seek a stay pending their appeal of the Bankruptcy Court's Order to this Court. For the reasons set forth below, Moving Parties' stay request will be granted.[2]

**BACKGROUND**

On May 5, 2009, creditors filed involuntary bankruptcy proceedings against SK Foods and RHM Industrial/Specialty Foods ("Debtors"), both of which are engaged in the processing of tomato products. The Debtors subsequently filed voluntary Chapter 11 petitions, and Bradley Sharp was appointed Trustee of the bankruptcy estate on May 18, 2009.

Scott Salyer founded SK Foods and owns the company both through a separate corporate entity and his trust. The farming entities, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, and

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2

SSC Farms II, are owned by Salyer's children. Those entities grow tomato and vegetable products processed by the Debtors.

Following his appointment, the Trustee and his counsel took possession and control of all records located at SK Foods, including electronic records stored on the company's computer servers. Although the farming entities maintain their own records on SK Foods' premises, they claim that this arrangement was under a joint cost sharing arrangement aimed at maximizing operational efficiency. The Trustee, on the other hand, contends that SK Foods had custody and control over the electronic and hard-copy records of the farming entities because debtors and those entities essentially functioned as a single operational and economic enterprise. The Trustee alleges the records were intermingled, that SK Foods employees had ready access to the farming entity records, and that all the affiliated entities shared servers and an email system owned by SK Foods. The farming entities dispute those factual assertions and take the Trustee and his counsel to task for accessing their private records along with the SK Foods records, then refusing to return the farming entity records.

Ultimately, after Appellants moved to disqualify both the Trustee and his counsel for improperly converting their property in violation of the Fourth Amendment, the Trustee filed his own counter-motion seeking an order from the Bankruptcy Court that he could continue to review information and documents pertaining to the farming entities on grounds that, under the circumstances, they had waived any separate rights and privileges to the

documents.

On October 9, 2009, the Bankruptcy Court issued a single Memorandum decision denying the disqualification motion and granting the Trustee's counter-motion.  The Bankruptcy Court found, as a matter of law, that the farming entities had waived any privacy rights associated with their records by failing to remove them from SK's premises before involuntary bankruptcy proceedings were commenced.

On October 19, 2009, the farming entities, along with Scott Salyer, filed a timely notice of appeal from the Bankruptcy Court's Order.  Appellants then moved for an emergency stay of the Order from the Bankruptcy Court on October 28, 2009, pending completion of the instant appeal, but the Bankruptcy Court granted only a temporary stay until November 16, 2009 to permit Appellants to seek the necessary relief from this Court.

Appellants filed an emergency stay request here on November 6, 2009.  Although they requested a hearing date of November 12, 2009 so as to obtain a decision before expiration of the temporary stay on November 16, by Order filed November 10, 2009, this Court extended the temporary stay until the matter could be normally heard on December 10, 2009 and decided thereafter.

**STANDARD**

Federal Rule of Bankruptcy 8005 permits a bankruptcy court to stay its orders pending appeal, and states that stay applications must ordinarily be made before the bankruptcy court

4

before relief is requested from the district court:

> A motion for stay of the judgment, order, or decree of a bankruptcy judge...pending appeal must ordinarily be presented to the bankruptcy judge in the first instance....A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court... but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge...

In evaluating a motion for stay pending appeal, the Ninth Circuit has directed that equitable criteria be utilized similar to the criteria applicable for evaluating a motion for preliminary injunction. See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The balancing test in that regard requires consideration of four intersecting factors: (1) whether the appellant is likely to succeed on the merits on appeal; 2) whether appellant is likely to suffer irreparable harm in the absence of a stay; 3) whether the appellant's threatened injury outweighs potential damage from a stay to the appellee; and 4) whether the stay is in the public interest. American Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009)). Courts apply these same factors in considering a stay under Rule 8005. See In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006).

///
///
///
///
///
///
///

///

**ANALYSIS**

In granting the Trustee's counter-motion for authorization to possess and utilize data and documents belonging to the farming entities and being stored on SK Foods' business premises, the Bankruptcy Court found that the farming entities, even though they were not bankruptcy debtors, had no expectation of privacy under the Fourth Amendment with regard to such records. The Bankruptcy Court made that determination as a matter of law on grounds that the relevant facts were undisputed. In the absence of undisputed facts, however, the Bankruptcy Court itself noted that whether a reasonable expectation of privacy exists ordinarily presents a mixed question of law and fact. See Hill v. Nat'l Collegiate Athletic Ass'n., 7 Cal. 4th 1, 39-40 (1994). Any determination of the reasonableness of a search or seizure in that regard requires an assessment of all surrounding circumstances. Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 619 (1989). Because Appellants contend that the facts surrounding the maintenance and use of the farming entity records are anything but undisputed, they maintain that the Bankruptcy Court erred in finding no right of privacy as a matter of law, instead of conducting an evidentiary hearing in order to weigh the conflicting evidence before reaching any conclusion.

A bankruptcy court abuses its discretion if it bases its decision on an incorrect view of the law or on clearly erroneous factual findings. See Warrick v. Birdsell (In re Warrick), B.R. 182, 184 (9th Cir. B.A.P. 2002).

///

Application of the wrong legal standard also constitutes an abuse of discretion. See Simantob v. Claims Prosecutor, LLC (In re Lihijani), 325 B.R. 282, 287 (9th Cir. B.A.P. 2005).

Whether or not a stay is appropriate here depends, in large part, on whether Appellants have demonstrated a "fair chance of success on the merits." Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (1991).[3] A stay may also be warranted if sufficiently serious questions going to the merits of Appellants' claims exist. Artukovic v. Rison, 784 F.2d 1354, 1356 (9th Cir. 1986).

The Bankruptcy Court's decision granting the Trustee's counter-motion, as delineated above, hinged on a determination that because the nature of Appellants' allegedly intertwined business dealings with the farming entities was undisputed, the Court could determine that there was no cognizable privacy interest as a matter of law and grant the motion on that ground alone.

In this Court's estimation, that approach may well be flawed. Appellants have raised a host of disputed factual questions which were not addressed by the Bankruptcy Court simply upon its determination that, as a preliminary matter, Appellants waived any privacy interest in their data and records because

---

[3] While the Trustee also argues that the appeal itself is an unappealable interlocutory order, that argument appears to be largely premised on the Trustee's characterization of the dispute as concerning a discovery order. See Trustee's Opp'n, 15:26-16:8. Access to the farming entities' data and records, however, does not relate to any discovery request by the Trustee. Instead, the issue here relates to constitutional privacy concerns of a non-party to the bankruptcy proceedings. That issue would appear susceptible to interlocutory review.

1  they failed to retrieve them before SK's bankruptcy.
2  As Appellants point out, however, a reasonable expectation of
3  privacy in their financial, personal and other related documents
4  remains even if such documents are stored or left at the premises
5  of a third party.  See U.S. v. Fultz, 146 F.3d 1102, 1105 (9th
6  Cir. 1998).  Intermingling of documents, alone, does not waive
7  Appellants' constitutional rights.  See U.S. v. Comprehensive
8  Drug Testing, 579 F.3d 989, 1004-05 (9th Cir. 2009).  The Trustee
9  has cited no authority for the proposition that such privacy
10 interests are waived simply because the companies may have shared
11 storage and access capabilities, and may not have immediately
12 segregated and taken their own materials once the debtors'
13 bankruptcy filing occurred.  Appellants correctly point out that
14 any waiver of the constitutional right of privacy must be
15 narrowly rather than expansively construed.  Fortunato v.
16 Superior Court, 114 Cal. App. 4th 475, 482 (2003).

17      Significantly, Appellants have identified evidence
18 suggesting that electronic data for each non-debtor entity was
19 maintained in separate folders and was not intermingled with data
20 belonging to other entities.  See Decl. of John Matthew Gallegly
21 in Opp'n to Counter-Motion, ¶ 11.  Appellants have further
22 identified evidence that the servers used to store the data in
23 question was not owned by the debtor, that SK Foods' access to
24 documents and information pertaining to the non-debtor entities
25 required authorization, and that Appellants immediately demanded
26 the return of their own private and confidential information once
27 the Trustee intervened.  See generally Appellants' Reply herein,
28 pp. 7-11.

///

Particularly given the Trustee's argument to the contrary that all of the concerned entities operated as a singular whole, all of this creates disputed facts that arguably should have been resolved through an evidentiary hearing rather than as a matter of law.

     This Court therefore concludes that a sufficient showing of success on the merits has been raised to justify issuance of a stay of the Bankruptcy Court's Order pending the appeal presently before the Court. The other equitable factors that must also be addressed in determining whether to permit a stay fall readily into place once that assessment has been made. First, with respect to the requisite irreparable harm, it appears axiomatic that such harm is met if Appellants' confidential business materials are improperly taken and used against their interests during the bankruptcy proceeding. Second, turning to the balance of potential harms, although the Court appreciates the Trustee's argument that his inability to access and identify assets of the debtor could potentially be compromised by a stay, in fact a stay simply preserves the status quo as it has existed for many months, first on a voluntary basis prior to the Bankruptcy Court's Order, and now in anticipation of this Court's ruling on Appellants' appeal.

     Importantly, too, the briefing on the appeal itself should be completed within the coming two weeks, which means that a decision as to the matter in its entirety should be forthcoming shortly. If the Court declines to issue a stay at this time, the Trustee's access to Appellant's data and materials may for all

9

practical purposes make adjudication of the appeal itself moot. Similarly, the public interest is served in preserving the integrity of the right to appellate review since that right may be undermined if a stay is not forthcoming.

## CONCLUSION

For all the foregoing reasons, Appellants' Motion to Stay the Bankruptcy Court's Order granting the Trustee Counter Motion Pending Appeal (Docket No. 7) is GRANTED.

IT IS SO ORDERED.

Dated: May 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10